**In re the MARRIAGE OF Marcia Diane VOLDING and Gerald Thomas Volding.**

**Upon the Petition of Marcia Diane Volding, Petitioner–Appellant,**

**And Concerning Gerald Thomas Volding, Respondent–Appellee.**

No. 95–573.

Court of Appeals of Iowa.

Dec. 22, 1995.

Randall G. Horstmann and Steven H. Lytle of Nyemaster, Goode, McLaughlin, Voigts, West, Hansell & O'Brien, P.C., Des Moines, for appellant.

Gene Yagla and Karla J. Shea of Yagla, McCoy & Rile, Waterloo, for appellee.

Heard by SACKETT, P.J., and CADY and HUITINK, JJ.

SACKETT, Presiding Judge.

Petitioner-appellant Marcia Diane Volding challenges the custodial and economic provisions of her dissolution decree. Marcia, forty-two at the time of trial, and respondent-appellee Gerald Thomas Volding, forty-five at the time of trial, were married in 1975. They have three children, Ben, born in 1979, Aaron, born in 1984, and Whitney, born in 1985. During the first seventeen years of the marriage, Marcia was a full-time homemaker and primary caretaker of the children. Marcia contends she has continued to be the primary care parent. However, in the summer of 1992, she enrolled in a course preparatory to a course leading to a degree in dental hygiene. The course was demanding and, at that point, Marcia and Thomas began to share the care responsibilities for the children on an equal basis.

Thomas was and is employed by Homeland Bank in Waterloo, formerly National Bank of Waterloo. He has been in farm management and agricultural loans.

The trial court found each parent to have had substantial involvement with the children and found each to be a loving, caring, and excellent parent. Physical care was given to Thomas. Marcia contends she should have been granted primary physical care.

Our review is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). We are not bound by these determinations. *Id.* We base our decision primarily on the particular circumstances of the parties before us. *In re Marriage of Weidner,* 338 N.W.2d 351, 356 (Iowa 1983). The interests of the children are the primary consideration. *See In re Marriage of Vrban,* 359 N.W.2d 420, 424 (Iowa 1984). The factors the court considers in awarding custody are enumerated in Iowa Code section 598.41(3), in *Weidner,* 338 N.W.2d at 355–56, and in *In re Marriage of Winter,* 223 N.W.2d 165, 166–67 (Iowa 1974). The issue is which parent will do better in raising the child; gender is irrelevant and neither parent has a greater burden than the other in attempting to gain custody in a dissolution proceeding.

*In re Marriage of Ullerich,* 367 N.W.2d 297, 299 (Iowa App.1985).

■ Marcia contends her role as a primary care parent should be given substantial weight and the trial court penalized her because she returned to school and altered her life as a full-time homemaker. Marcia further contends the trial court put too much emphasis on Thomas's involvement in 4–H projects with the children.

■ Marcia contends, because the children are happy and well adjusted and she was the primary care parent for seventeen years, the children should remain in her physical care. We give consideration to a parent's role in child raising prior to a separation in fixing physical care. *See In re Marriage of Love,* 511 N.W.2d 648, 650 (Iowa App.1993); *In re Marriage of Fennell,* 485 N.W.2d 863, 865 (Iowa App.1992). Marcia also contends she has a broader based, more comprehensive relationship with her children than does their father. Our review of the record convinces us the children have a special relationship with each parent. We hesitate to say one type of relationship is different or superior to the other.

We have given Marcia credit in our determination for the years she devoted her efforts to child rearing. We recognize the decision she stay home with the children was a joint decision. We give Thomas credit for providing the financial resources so the children, during their formative years, could have a full-time care parent. Our review of the record convinces us, beside providing financial support for the family, Thomas also was substantially involved in the children's care.

We recognize the decision of these parents to divorce and live separately will not provide occasion for either parent to care for the children without outside employment. There will be new pressures and new challenges for both parents. Marcia is still a student and, although she has scheduled her school activities to allow time for the children, she has no current plan for place or time of employment. Thomas is committed to maintaining the lifestyle to which the children are accus-

tomed and, at the present time, his future plans for the children are more certain.

Marcia contends the trial court's decision is entitled to no deference because the trial judge, after finding both acceptable parents, awarded physical care to Thomas without articulating a reason to substantiate or support this determination. Marcia also criticizes the trial court as taking a flip-of-the-coin approach to the decision and placing too much emphasis on Thomas's involvement with the children.

The trial court articulated the children would be well cared for by either parent and, consequently, in this case the custodial care decision may be easier than others. We understand the trial court's rationale. We see cases where children do not have two such superior parents. These children will be well cared for in either situation. We agree with Marcia this fact does not relieve us of weighing all the evidence and arriving at what would seem, under the current circumstances, to be the better situation for the children in the long range.

4–H work is important to these children. Thomas has been a substantial part of this and plans to continue to do so. He has always been involved with the children's care in many other areas. Marcia has been substantially involved in the children's care. The children have had the best because they have had the attention and presence of both parents. They will lose this advantage because their parents have elected to terminate their marriage.

Whichever parent is physical custodian, he or she will have additional burdens as a single parent which he or she does not have under the current custody arrangement. Thomas has a record of stability in employment and a record of making time in his life for his children, even though he is employed full time. Marcia has focused a substantial portion of her adult life on the children. She is receiving an education so she can be gainfully employed. Marcia's employment plans are not certain. Marcia has not assumed the parent role and the role of a full-time employee. There are strong arguments that can be made for giving either parent physical care. There are no clear-cut answers here.

As the trial court did, we find the issue extremely close but agree with the trial judge the scales are slightly tipped in Thomas's favor. We affirm the trial court on this issue.

Marcia next contends she should have spousal support in a greater amount and for a longer duration than was awarded by the trial court. Marcia is scheduled to graduate as a dental hygienist and will be qualified for employment paying about $18 an hour. The trial court awarded her spousal support of $600 per month until she graduated. Marcia was given one-half of Thomas's pension benefits under a qualified domestic relations order. Marcia was relieved from any child support obligation until she became employed; then she was to advise the court of her income and her child support obligation would be fixed.

■■■ Marcia contends she is entitled to rehabilitative alimony, reimbursement spousal support, and permanent spousal support. When determining the appropriateness of alimony, the court must consider (1) the earning capacity of each party and (2) their present standards of living and ability to pay balanced against their relative needs. *See In re Marriage of Estlund,* 344 N.W.2d 276, 281 (Iowa App.1983). Alimony is an allowance to the former spouse in lieu of a legal obligation to support that person. *See In re Marriage of Hitchcock,* 309 N.W.2d 432, 437 (Iowa 1981). Alimony is not an absolute right; an award depends upon the circumstances of each particular case. *In re Marriage of Fleener,* 247 N.W.2d 219, 220 (Iowa 1976). The discretionary award of alimony is made after considering those factors listed in Iowa Code section 598.21(3). *See In re Marriage of Hayne,* 334 N.W.2d 347, 350 (Iowa App. 1983). At the conclusion of her educational pursuit, Marcia will be qualified for a job with good salary potential. Thomas's earnings have enabled Marcia to obtain this education. We consider this factor. *See In re Marriage of Janssen,* 348 N.W.2d 251, 254 (Iowa 1984). Currently, Thomas has full financial responsibility for the children. We consider these factors with others. We affirm the trial court on the issues of alimony and property division.

We award no attorney fees.

**AFFIRMED.**

HUITINK, J., specially concurs.

CADY, J., dissents.

HUITINK, Judge, concurring specially.

The practical and emotional adjustments imposed on these children are of infinitely greater significance to our determination than any consequence willingly incurred by their parents. Successful parenting under these circumstances implicates much more than a parent's primary care experience. An award of physical care should be neither reward nor punishment for past parental performance, nor should it be an instrument of spousal vindications.

The issue is not which parent possesses the greater right to the children, but which parent can minister more effectively to the long-term best interest of the children. The children should be placed in an environment that is most likely to bring them to healthy, physical, emotional, and social maturity. *In re Marriage of Winter,* 223 N.W.2d 165, 167 (Iowa 1974).

In this case we have the opportunity to place these children in the home where they have been happily and comfortably situated for many years. The stability of Gary's personal and employment circumstances distinguish him as the better divorced parent. Placement with Gary will facilitate rather than disrupt the children's familiar environment.

Although Marcia's argument that she is being punished for altering her life as a full-time homemaker and returning to school possesses rhetorical appeal, it misses the point. We have never held career advancement and physical care of children are mutually exclusive aspirations. However, we need not accommodate a parent's broad discretion in career matters when the best interests of the children are better served by placing them with the other spouse. Any perceived "unfairness" to Marcia is incidental rather than essential to our ultimate determination on the issue of physical care.

CADY, Judge, dissenting.

I respectfully dissent. I would award physical care of the children to Marcia. She was the primary custodian of the children throughout the marriage, save the final year or so when she began to pursue her degree. This track record is important because it reveals no uncertainty about her devotion and skills as a caretaker. Moreover, she did not enroll in college until all the children were in school.

I acknowledge Gary is also a good parent, and maintains stable employment. Nevertheless, I find no justification to alter the successful custodial arrangement which dominated the marriage. Marcia's decision to pursue a career outside the home should not adversely impact her claim for custody. In this case it did. It did because it is the only circumstance of any real consequence which is different in her life than during her years as an exemplary primary custodian.